UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 11-531 CAS | Date | February 25, 2013 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Robyn Bacon, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| JOSE LOUIS MEDEL | NOT | | X | JAMES P. COOPER, III | NOT | | X |

**Proceedings:** (IN CHAMBERS):  DEFENDANT'S MOTION FOR ACQUITTAL (Docket #99, filed November 2, 2012)

DEFENDANT'S MOTION FOR NEW TRIAL (Docket #98, filed November 2, 2012)

## I.   INTRODUCTION

On June 6, 2011, a grand jury returned an indictment charging defendant with two counts:  possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. s 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. s 924 (c)(1)(A).  On October 3, 2012, a jury found defendant guilty on both counts.

On November 2, 2012, defendant filed a motion for a new trial and a motion for acquittal.  The government filed an opposition on November 13, 2012.  Defendant's motions are before the Court.

## II.   BACKGROUND

Defendant and the government substantially agree on the facts in this case, but dispute whether the government presented sufficient evidence to support finding defendant guilty of possession of a firearm in furtherance of a drug trafficking crime.

The government presented evidence establishing the following facts.  On April 6, 2011, Ventura Police Department officers executed a search warrant at defendant's home.  Shortly after they entered defendant's home, the officers broke into defendant's bedroom and eventually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

conducted a search. (RT 52 – 55). During that search, the officers found a Glock 27 .40 caliber handgun under defendant's pillow next to a bag containing 22 grams of methamphetamine. (RT 13 – 15, 18, 21, 60, 93). The Glock was not loaded, but there was a .40 caliber magazine under defendant's bed and 16 .40 caliber bullets in the nightstand next to the bed. Id. The officers searched under defendant's mattress pad, and found two unloaded handguns, a loaded .40 caliber magazine, two digital scales, and a bag containing 190 grams of methamphetamine. (RT 22 – 29, 93). The officers also found some ledgers on defendant's nightstand, a bag containing 1.6 grams of methamphetamine on the nightstand, and $900 in cash in a dresser drawer. (RT 29 – 34, 40 – 42, 93).

The government also presented expert testimony from David Hamilton, a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Special Agent Hamilton testified as an expert in firearms and drug trafficking, and explained the reasons drug dealers keep firearms, opining that guns are kept for personal protection, protection of drugs and drug proceeds, and as items that can be exchanged for drugs. (RT 69 – 70).

Defendant testified at his trial, and admitted that the methamphetamine in his bedroom was kept for sale, and also admitted that he kept guns in his bedroom. (RT 94 – 96). He testified that he knew his customers well, and that he believed they knew he kept guns. (RT 102). Defendant explained that he collects guns, uses guns for hunting, and repairs guns for his friends, and further explained that he was a member of the National Rifle Association. (RT 98 – 99, 101 – 102). Defendant testified that he never used his guns in furtherance of his drug trafficking activities. (RT 96).

### III. LEGAL STANDARD

When considering a motion for acquittal, a court has narrow authority to review the sufficiency of evidence. A court does not determine "whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Norwood, 603 F.3d 1063, 1071 (9th Cir. 2010) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). See also United States v. A. Lanoy Alston, 974 F.2d 1206, 1210 (9thCir. 1992) ("A judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.").

A court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Proc. 33. When considering a motion for a new trial, courts apply a standard of review that is less deferential to a verdict. Lanoy Altson, 974 F.2d at 1211. A court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

"need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." Id. A court may conclude that even if the evidence presented is sufficient to support the verdict, if it finds that the "evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred," it may grant a new trial. Id.

## IV. ANALYSIS

Defendant does not contest whether the government's evidence was sufficient to support finding him guilty of possession of methamphetamine with intent to distribute. The sole ground on which defendant moves for acquittal and for a new trial is the purported insufficiency of the evidence presented to demonstrate that he kept a firearm "in furtherance" of his drug trafficking offense.

A trier of fact cannot rationally convict a defendant of possessing a firearm in furtherance of drug trafficking solely on the basis of evidence showing that defendant both possessed a firearm and committed a drug crime. United States v. Rios, 449 F.3d 1009, 1012 (9th Cir. 2006). Instead, the government must produce evidence tending to show intent to use a firearm to "promote or facilitate the drug crime." Id. "Evidence of this intent is sufficient when facts in evidence reveal a nexus between the guns discovered and the underlying offense." Id. (quoting United States v. Krouse, 370 F.3d 965, 968 (9th Cir. 2006). The government can demonstrate that such a nexus is present through evidence of "the proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities." Id.

Defendant argues that the only evidence presented by the government demonstrating the existence of the requisite nexus was the general testimony of Special Agent Hamilton, who explained that drug dealers typically keep fire arms to protect themselves and their drugs. Defendant argues that under United States v. Rios, 449 F. 3d 1009, this kind of general expert testimony about drug traffickers is insufficient to support the jury's verdict. Rios, 449 F.3d at 1014 ("expert testimony that drug traffickers generally use firearms to further their drug crimes, standing alone, is not sufficient to establish that a firearm was possessed in furtherance of a particular drug crime.").

In response, the government does not contest whether Special Agent Hamilton's testimony alone is sufficient to support the verdict. Instead, the government argues that satisfaction of the "in furtherance" requirement could be rationally inferred based on evidence about the proximity of the firearms to defendant's drugs and drug tools. Additionally, the government notes that while defendant testified that he uses guns for hunting, he never testified that he used any of the three guns found in close proximity to drugs and drug tools for hunting. The government concludes that under controlling Ninth Circuit law, this evidence is sufficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

as a matter of law to support the jury's verdict.  See United States v. Norwood, 603 F.3d 1063 (9th Cir. 2010) ("the government has provided adequate evidence of a nexus between the firearm and the drug crime by showing that the firearm is in the same room and within easy reach of a substantial quantity of drugs and drug trafficking paraphernalia."); United States v. Krouse, 370 F.3d 965, 968 (9th Cir. 2004); United States v. Lopez, 477 F.3d 1110, 1115 (9th Cir. 2007).

The Court agrees with the government, and finds that the facts here are materially identical to those in Norwood.  In Norwood, the police found defendant's gun within a few feet of a digital scale and 7.7 grams of cocaine.  Norwood, 603 F.3d at 1072.  Additionally, police found Norwood lying on top of the mattress where the gun was hidden, and found $2500 and a smaller amount of cocaine on his person.  Id.  The facts here are strikingly similar: defendant was on a mattress when police first entered his bedroom, and police found his Glock 27 under his pillow, and also found drugs, a digital scale, cash, ammunition, and additional guns either under the mattress or near the mattress.  Consequently, because the evidence was sufficient to support a conviction in Norwood, it is sufficient here, and the Court denies defendant's motion for acquittal.

Because the sole ground on which defendant moves for a new trial is that the government failed to present sufficient evidence to support the verdict, the Court denies this motion as well. Defendant correctly points out that a court's authority to grant a new trial is broader than its authority to grant a judgment of acquittal, but in light of the Court's finding that the government presented legally sufficient evidence, defendant has not pointed out any reason to hold another trial.  Therefore, the Court cannot find that the a new trial is required by "the interest of justice." Fed. R. Crim. Proc. 33.

**V.    CONCLUSION**

In accordance with the foregoing, defendant's motion for a new trial and motion for acquittal are DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |