O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:11-cr-00531-CAS-1 |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| v. | ) | **MODIFY SENTENCE PURSUANT TO** |
| | ) | **18 U.S.C. § 3582(c)(1)(A)** |
| JOSE LUIS MEDEL, | ) | |
| | ) | |
| Defendant. | ) | |

## I.    INTRODUCTION & BACKGROUND

On June 10, 2011, a grand jury indicted defendant Jose Luis Medel ("Medel"), alleging (a) one count of knowingly and intentionally possessing with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); and (b) one count of knowingly possessing a firearm in furtherance of a drug trafficking crime—namely, count one—in violation of 18 U.S.C. § 924(c). Dkt. 1. On October 3, 2012, a jury found Medel guilty of both counts. Dkt. 92. On February 25, 2013, the Court sentenced Medel to a term of imprisonment of one hundred eighty months in the custody of the Bureau of Prisons ("BOP"), followed by five years of supervised release. Dkt. 112. On December 15, 2014, the Ninth Circuit Court of Appeals affirmed Medel's conviction. United States v. Medel, 588 F. App'x 601 (9th Cir. 2014).

On May 22, 2020, Medel, appearing *pro se*, filed the instant motion seeking modification of the remainder of his sentence to home confinement, styled as a motion pursuant to the "CARES Act" and 18 U.S.C. § 3582 ("Section 3582").¹ Dkt. 140 ("Mot."). The government filed an opposition on December 18, 2020.² Dkt. 147 ("Opp'n").

Medel also requested that the Court appoint counsel for him in this matter. Mot. at 1. The decision to appoint counsel for a defendant seeking modification of his sentence pursuant to Section 3582(c) is at the discretion of the Court. See United States v. Townsend, 98 F.3d 510, 512–13 (9th Cir. 1996) (holding that defendant has no statutory or constitutional right to counsel when bringing a motion pursuant to Section 3582(c)) (citation omitted). Based on the circumstances of this case, as discussed below, the Court concludes that appointment of counsel is unnecessary. Accordingly, the Court proceeds to the parties' arguments.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

¹ Specifically, Medel "requests to be transferred to home-detention to serve" the remainder of his sentence and that the Court "[c]ommute/reduce/convert [his] sentence into home confinement." Mot. at 2. As an initial matter, the Court notes that it lacks jurisdiction under Section 3582(c) to grant a modification placing Medel in home confinement *without* reducing the duration of his sentence. See 18 U.S.C. § 3582(c) (providing that a court may "*reduce* the term of imprisonment" originally imposed in certain limited circumstances, including when "extraordinary and compelling reasons warrant such a *reduction*") (emphasis added). In addition, to the extent that Medel seeks to be placed on home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat 281 (2020), the Court lacks authority to direct the BOP to designate Medel for home confinement. See United States v. Read-Forbes, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.") (citation omitted), *reconsideration overruled*, No. CR 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020). Accordingly, the Court considers Medel's motion as a request for *reduction* of his sentence pursuant to Section 3582(c).

² Due to staffing changes, the government requested and was granted an extension to file its opposition. See Dkts. 143, 145.

## II. LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (internal alterations omitted). "Compassionate release provides an exception" to this general rule "in extraordinary cases." United States v. Holden, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *2 (D. Or. Apr. 6, 2020).

Prior to December 21, 2018, "the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons[.]" United States v. Esparza, No. 1:07-cr-00294-BLW, 2020 WL 1696084, at *1 n.1 (D. Idaho Apr. 7, 2020). But on December 21, 2018, Congress enacted—and the President signed into law—the First Step Act of 2018 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Accordingly, the FSA now "permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons." United States v. Ayon-Nunez, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." United States v. Marks, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

"Compassionate release is governed by 18 U.S.C. § 3582(c)." Willis, 382 F. Supp. 3d at 1187. The FSA modified Section 3582(c)(1)(A)(i) to allow for compassionate release when three requirements are met: "First, as a threshold matter, the statute requires defendants to exhaust administrative remedies.  Second, a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' and 'such reduction is consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The FSA "grants

broad discretion to the district courts in providing relief[.]" Jones v. United States, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

## III. DISCUSSION

Considering Medel's motion as a request for compassionate release pursuant to Section 3582(c), the Court finds that Medel does not qualify for a reduction of his sentence. First, Medel cannot establish exhaustion of his administrative remedies. Second, even assuming *arguendo* that Medel can establish exhaustion, Medel failed to make a showing that extraordinary and compelling reasons warrant his early release.

### A. Exhaustion of Legal Remedies

The Court "may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) 'after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) after 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" United States v. Cooper, No. 2:14-cr-00228-JAD-CWH, 2020 WL 2064066, at *2 (D. Nev. Apr. 29, 2020) (internal alterations omitted) (citing 18 U.S.C. § 3582(c)(1)(A)). In addition, "[e]xhaustion occurs when the BOP denies a defendant's application[.]" United States v. Mondaca, No. 89-cr-00655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal citation omitted).

Here, Medel failed to allege that he has exhausted or even pursued his administrative remedies with the BOP. The government contends that Medel's prison records also do not reflect that he has filed any administrative requests for a reduction of his sentence with the warden of his facility—Federal Correctional Institution ("FCI") McDowell—or any other BOP entity. Opp'n at 13; see also Opp'n Ex. G (Medel's BOP administrative remedy history). The requirement that a defendant must exhaust his administrative rights with the BOP pursuant to Section 3582(c) is a mandatory "claim-processing" rule, compliance with which may not be excused. See United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020) (holding the administrative exhaustion requirement is mandatory and describing failure to exhaust as a "glaring roadblock foreclosing compassionate release."). Accordingly, the

-4-

Court concludes that Medel fails to satisfy the exhaustion requirement and is thus ineligible for compassionate release.

### B. Extraordinary and Compelling Reasons Warranting Compassionate Release

Section 3582(c) "provides a path for defendants in 'extraordinary and compelling circumstances' to be released from prison early." Rodriguez, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 3582(c)(1)(A)). A number of district courts have determined that "extraordinary and compelling" reasons for compassionate release exist "when the prisoner suffers from preexisting health conditions that might make a COVID-19 infection more lethal." United States v. O'Neil, No. 3:11-cr-00017, 2020 WL 2892236, at *6 (S.D. Iowa June 2, 2020). The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction. United States v. Sprague, 135 F.3d 1301, 1306–07 (9th Cir. 1998).

Here, Medel contends that in light of the COVID-19 pandemic, extraordinary and compelling circumstances exist which warrant his compassionate release. Mot. at 1. Specifically, Medel alleges that he has had "respiratory issues that make [him] medically vulnerable" during the pandemic. Id. Medel argues that FCI McDowell's correctional staff, who work throughout the complex, represent a "clear and present danger to [him]." Id. Medel further argues that the BOP is not equipped to modify its facilities to accommodate social distancing and "is not testing for COVID-19 to hide the spread of the virus." Id.

In response, the government argues that Medel has failed to meet his burden to establish extraordinary and compelling reasons for his release. Opp'n at 12, 17. Namely, the government contends that Medel's "general concerns about possible exposure to COVID-19" do not establish an "extraordinary and compelling reason[]" warranting compassionate release, id. at 18 (quoting United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020)), and that Medel "has not presented any specific health concerns" that would otherwise establish extraordinary and compelling reasons, id. at 19. The government points to Medel's BOP medical records, which do not substantiate Medel's

claims that he suffers from respiratory issues. Id.; see also id. Exs. C–D (Medel's BOP medical records). The government also notes that Medel has already contracted and recovered from COVID-19. Id. at 3, 19; see also id. Ex. D (Medel's BOP records, including diagnosis of and recovery from COVID-19). Further, Medel neither alleged nor do his medical records reflect "a diagnosis for any other medical condition identified by the CDC as a high-risk factor for COVID-19." Id. at 19–20 (citation omitted). Finally, the government asserts that "[t]he BOP has taken aggressive steps to protect inmates' health and to resist the spread of COVID-19." See generally Opp'n at 4–6 (explaining the COVID-19 measures implemented by the BOP at the national level).

Some courts have determined that a diagnosis of a respiratory medical condition alone, such as asthma, may support a finding that "extraordinary and compelling" reasons for compassionate release exist, because the defendant's medical condition places him at increased risk for serious complications due to COVID-19. See, e.g., United States v. Khacho, No. 1:16-cr-00074-NONE, 2020 WL 7024216, at *6 (E.D. Cal. Nov. 27, 2020) (collecting cases where inmate's asthma condition alone was sufficient to warrant compassionate release). Here, however, Medel has not provided any documentation of a respiratory illness. To the contrary, the medical records submitted by the government indicate that Medel does not suffer from ongoing respiratory problems. See generally Opp'n Exs. C–D. In any event, the Centers for Disease Control and Prevention ("CDC") do not list unspecified respiratory problems as heightened risk factors for serious illness from COVID-19, see COVID-19: People with Certain Medical Conditions, CDC (last updated Mar. 29, 2021) ("CDC List of Med. Conditions"),[3] and this Court is unaware of any other court finding that unspecified respiratory issues constitute extraordinary and

---

[3]   Available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html

compelling reasons.[4]  Cf. United States v. Keith JD Offord, No. 16-cr-30068, 2020 WL 5748091, at *3 (C.D. Ill. Sep. 24, 2020) (finding no extraordinary and compelling reasons for release where inmate complained of "unspecified respiratory issues," among other health concerns, but inmate's BOP medical records did not show that inmate was diagnosed with any new medical condition).  Thus, the Court has no basis upon which to conclude that Medel is at a heightened risk of severe illness from COVID-19, such that his circumstances warrant compassionate release.

Moreover, a number of courts have determined that "a positive test for COVID-19 cannot demonstrate an extraordinary and compelling reason to justify release absent any symptoms, lasting complications, or inadequate care." United States v. Harris, No. 4:18-cr-00115, 2020 WL 4462256, at *2 (N.D. Ohio Aug. 4, 2020) (collecting cases).  While the Court acknowledges that Medel initially experienced some symptoms due to his contraction of COVID-19, Medel eventually became asymptomatic and fully recovered. See Opp'n at 3; see also id. Ex. C.  Thus, because Medel fails to establish any severe symptoms or lasting complications as a result of his initial COVID-19 diagnosis—and since Medel has subsequently tested negative for COVID-19—the Court cannot conclude, at this juncture, that his COVID-19 diagnosis constitutes an "extraordinary and compelling" reason that warrants a reduction in Medel's sentence.  See United States v. Zubkov, 460 F. Supp. 3d 450, 454 (S.D.N.Y. 2020) (determining that inmate failed to present "extraordinary and compelling" reasons justifying compassionate release where inmate contracted COVID-19 but subsequently "recovered"); accord United States v. Koval, No. 1:17-cr-00281-DAD-BAM, 2020 WL 4476554, at *5 (E.D. Cal. Aug. 4, 2020) ("[T]he court does not find extraordinary and compelling reasons justifying compassionate release pursuant to § 3582(c)(1)(A) in part because defendant . . . has already contracted COVID-19."); United States v. Alaniz, No. 15-cr-00329-DAD-BAM, 2020 WL 4059581,

---

[4] The CDC does note that chronic asthma may increase the risk of serious illness, see CDC List of Med. Conditions, but Medel provides no indication that he has been diagnosed with asthma.

at *5 (E.D. Cal. July 20, 2020) (denying inmate's motion for compassionate release because inmate "has already contracted COVID-19 and, fortunately, is now considered to have recovered from the virus. As a result, granting him release arguably will not provide him with the protection sought by his motion: relief from the risk of contracting COVID-19.") (citations omitted); United States v. Purry, No. 2:14-cr-00332-JAD-VCF, 2020 WL 2773477, at *2 (D. Nev. May 28, 2020) ("The premise of [inmate's] request was that his release would help prevent him from contracting the virus. That need vanished when [inmate] tested positive for the virus.").

Finally, Medel does not allege that he suffers from any other "high risk" medical conditions under the CDC guidelines, see CDC List of Med. Conditions, and "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); see also Eberhart, 448 F. Supp. 3d at 1090 ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with [the principles of] . . . § 3582(c)(1)(A)."). In any event, since Medel filed his motion, the situation at FCI McDowell has improved. As of March 29, 2021, FCI McDowell reports a total of only four active COVID-19 cases: four staff members, and zero inmates, are currently infected with COVID-19. See COVID-19: Coronavirus, BOP, https://www.bop.gov/coronavirus/ (last visited Mar. 29, 2021).

In accordance with the foregoing, the Court concludes that Medel has failed to establish "extraordinary and compelling" reasons that would warrant a reduction in his sentence.

### C.     Danger to the Community

In addition, prior to granting compassionate release, and "[e]ven where extraordinary and compelling reasons exist," the Court "must consider whether the defendant is 'a danger to the safety of any other person or to the community[.]'" Mondaca, 2020 WL 1029024, at *3. "To make this assessment," the Court considers a number of factors "including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and

mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose." Id.

The government argues that, even if Medel established extraordinary and compelling reasons for release, release would be impermissible because Medel remains a danger to the community. Opp'n at 21. For instance, the government notes that, when Medel was arrested for the crimes of conviction here, law enforcement found multiple firearms and significant quantities of narcotics in close proximity to each other. Id. at 22. Furthermore, these weapons and narcotics were kept in a house shared with at least one small child. Id. Finally, the government reports that "[Medel's] prison discipline record reflects numerous instances of dangerous misconduct, including assaulting another inmate, possessing stolen property, and using illegal narcotics and alcohol." Id.; see id. Ex. B (inmate disciplinary record).

Here, because Medel has not exhausted his administrative remedies and has not demonstrated that his alleged medical condition presents an "extraordinary and compelling" reason favoring compassionate release, the Court does not reach the question of whether he would present a danger to the community if released.

## IV. CONCLUSION

For the foregoing reasons, Medel's motion to modify his sentence is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 30, 2021

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE